O

# United States District Court
# Central District of California

| | |
|---|---|
| MARIA VISCARRA et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES POSTAL SERVICES et al., <br><br> Defendants. | Case No. 2:17-cv-07344-ODW (JCx) <br><br> **ORDER DENYING PETITIONERS' MOTION FOR MINORS' COMPROMISE AND ATTORNEYS' FEES [77]** |

## I. INTRODUCTION

Pending before the Court is an unopposed Petition to Approve Minor Plaintiffs' Compromise of Pending Action ("Motion"). (ECF No. 77.) For the reasons that follow, the Court **DENIES without prejudice** Petitioners' Motion.

## II. BACKGROUND

The Claimants, minor plaintiffs R.M., A.M., and B.M., maintain claims for wrongful death of their mother, Noemi Montanez Viscarra, who died on December 22, 2015. (Mot. 2.) Viscarra died as a result of a series of events on Interstate 110 South. (Mot. 2.)

At approximately 4:15am, Viscarra was on Interstate 110 South in her Honda Accord on her way to work. (Mot. 3.) For reasons unknown, Viscarra lost control of her vehicle about 300 feet before the El Segunda Boulevard exit. (Mot. 3.) Her car ended up perpendicular to the flow of traffic in the third lane. (Mot. 3.) She exited her vehicle and stood next to it on her cell phone. (Mot. 3.) Then, Luis Alonso Nunez, also travelling southbound on Interstate 110, struck Viscarra's vehicle. (Mot. 3.) As a result, Viscarra's vehicle hit her and she fell into the fourth lane, which was merging with the fifth lane. (Mot. 3.) Viscarra was injured but still conscious and communicating regarding her injuries. (Mot. 3.) Both of their vehicles occupied the third, fourth, and fifth lanes. (Mot. 3.)

Subsequently, Jonathan Araujo was also traveling southbound on Interstate 110 in a United States Postal Service truck. (Mot. 3.) Petitioners claim he must have seen the collision scene from at least 540 feet away but he maintained his speed of 40 miles per hour and drove through the collision scene, running over Viscarra, resulting in her death. (Mot. 3–4.)

Viscarra was twenty-seven years old and is survived by her parents and three minor children. (Mot. 2.)

### III.  LEGAL STANDARD

Local Rule 17-1.2 mandates that "[n]o claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." C.D. Cal. L.R. 17-1.2. This rule reflects the general principle that "the court in which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). Consequently, "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Id.* (internal

citation omitted); *see also Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).

First, a federal court typically applies state law in determining the fairness of a settlement of a minor's claim. *Robidoux*, 638 F.3d at 1182. Under California law, a court has "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994). For the Court to approve the minors' settlement, Local Rule 17-1.3 requires that "[i]nsofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384." C.D. Cal. L.R. 17-1.3. California Rule of Court 3.1384 indicates that a petition for compromise of a minor's claim "must comply with [California Rules of Court] 7.950, 7.951, and 7.952." Cal. Rules of Court, Rule 3.1384.

Second, in cases involving the settlement of a minor's claim, courts should "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181–82 (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* at 1182.

Third, although a court need not consider the amount of attorney's fees in determining whether a settlement is fair and reasonable to a minor, a court must also approve the amount of attorney's fees. C.D. Cal. L.R. 17-1.4 ("In all actions

involving the claim of a minor . . . whether resolved by settlement or judgment after trial, the Court shall fix the amount of attorney's fees."). In all cases under California Code of Civil Procedure section 372, a court "must use a reasonable fee standard when approving and allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a minor." Cal. Rules of Court, Rule 7.955(a)(1). A court must also "give consideration to the terms of any representation agreement made between the attorney and the representative of the minor . . . and must evaluate the agreement based on the facts and circumstances existing at the time the agreement was made." Cal. Rules of Court, Rule 7.955(a)(2). Lastly, a court may consider fourteen nonexclusive factors in determining a reasonable attorney's fee. Cal. Rules of Court, Rule 7.955(b).

### IV. APPLICATION

Petitioners have not complied with Rules 7.950, 7.951, or 7.952. First, Petitioners failed to provide a verified petition for approval of the minors' compromise, as required by California Rule of Court 7.950. Specifically, Rule 7.950 requires Petitioners to file a Petition to Approve Compromise of Disputed Claim or Pending Action or Disposition of Proceeds of Judgment for Minor or Person With a Disability through form MC-350, except as provided by California Rule of Court 7.950.5. Second, Counsel has not complied with California Rule of Court 7.951, which requires Counsel to disclose certain information regarding Counsel's interest in a petition to compromise a claim.[1] Lastly, the Court has discretion to find that good

---

[1] If the petitioner has been represented or assisted by an attorney in preparing the petition to compromise the claim or in any other respect with regard to the claim, the petition must disclose the following information:
   (1) The name, state bar number, law firm, if any, and business address of the attorney;
   (2) Whether the attorney became involved with the petition, directly or indirectly, at the instance of any party against whom the claim is asserted or of any party's insurance carrier;
   (3) Whether the attorney represents or is employed by any other party or any insurance carrier involved in the matter;
   (4) Whether the attorney has received any attorney's fees or other compensation for services provided in connection with the claim giving rise to the petition or with the

cause exists to decide the matter without a hearing; however, Petitioner has not so demonstrated. Cal. Rules of Court, Rule 7.952 (stipulating that the court for good cause may dispense with hearing). Thus, Petitioners have not complied with the established procedural rules required to petition the Court for approval of the minors' settlement.

Despite these deficiencies, the Court offered Counsel an opportunity to supplement Petitioners' briefing to adequately address the requirements. The Court's Order laid out the procedural requirements and stated that "**Movants shall review and comply with Local Rule 17-1.3, including conforming the petition to the applicable California Rules of Court, within fourteen days of the date of this Order**." (Minute Order, ECF No. 78 (emphasis in original).) Although Counsel addressed whether the settlement amount was fair and reasonable, Counsel failed to cure the procedural defects. (*See* Suppl. Br., ECF No. 79.)

Accordingly, the Court does not reach the analysis of whether the net recovery is fair and reasonable and **DENIES without prejudice** the petition.

---

preparation of the petition, and, if so, the amounts and the identity of the person who paid the fees or other compensation;
(5) If the attorney has not received any attorney's fees or other compensation for services provided in connection with the claim giving rise to the petition or with the preparation of the petition, whether the attorney expects to receive any fees or other compensation for these services, and, if so, the amounts and the identity of the person who is expected to pay the fees or other compensation; and
(6) The terms of any agreement between the petitioner and the attorney.
Cal. Rules of Court, Rule 7.951.

## V. CONCLUSION

Based on the foregoing, Petitioners' Motion to Approve Minors' Settlement is **DENIED without prejudice**. (ECF No. 77.) Counsel for Petitioners may file another motion addressing the procedural and substantive requirements as elaborated above.

**IT IS SO ORDERED.**

December 18, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**